FILED
2022 Oct-28 PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| Terry Lynn Ligon, ) | |
|    Plaintiff, ) | |
| v. ) | 6:22-cv-00961-LSC |
| Burrell Fitch Adriance and ) Henry and Henry, Inc., ) | |
|    Defendants. ) | |

**Memorandum of Opinion and Order**

The Plaintiff, Terry Ligon, moves to remand this case to the Circuit Court of Marion County, Alabama, claiming that the Defendants did not file a timely notice of removal. For the following reasons, Ligon's Motion to Remand is GRANTED.

## I. Background

On October 7, 2021, Ligon filed a complaint in the Circuit Court of Marion County, seeking to recover for injuries he allegedly sustained when a tractor trailer—driven by Adriance and owned by Henry and Henry—collided with his vehicle. (*See* doc. 1-2.) Alleging that the Defendants engaged in negligent and wanton conduct, Ligon claims compensatory and punitive damages but did not include an ad damnum clause in the complaint. (*See id.* at 9.) The accident report did not indicate that the

collision was particularly severe. The report classified Ligon as an "uninjured occupant." (*See* doc. 5-1 at 3.)

Ligon alleges the following injuries in the complaint:

A. He was bruised and contused over his entire body;
B. He was caused to suffer a serious injury to his right knee;
C. He was caused to incur hospital, doctor, drug, and medical bills in and about the treatment of his injuries and will in the future suffer expenses for medical treatment;
D. He was caused to lose income;
E. He suffered permanent impairment;
F. He was caused to suffer great physical pain and mental anguish and will suffer extreme pain and mental anguish in the future. (*Id.* at 6.)

At his deposition in April 2022, Ligon testified that he will eventually need "a full knee replacement." (*See* doc. 6-2 at 30.) He also testified that he will require anti-inflammatory medication for the foreseeable future. (*See id.*) In July 2022, Ligon made a settlement demand of $850,000. (*See* doc. 1-1.) On August 1, 2022, Defendants filed a Notice of Removal. (Doc. 1.)

## II.     Analysis

28 U.S.C. § 1446(b) "answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order or other paper." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (internal quotation marks

omitted).[1] Either way, the "defendant must remove within thirty days of receiving the document that provides the basis for removal." *Id.* at 1212–13.

The scant details of Ligon's complaint, Defendants argue, did not indicate that the amount in controversy in this case exceeds $75,000—only the large settlement demand provided such notice. Because they filed a Notice of Removal within 30 days of the demand letter, Defendants claim that removal was timely under the "other paper" rule. The Court agrees that the complaint likely provided insufficient notice of this case's removability. After all, the defendant must bear the removal burden, which entails "prov[ing] by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Armed solely with Ligon's complaint and their contemporaneous knowledge of the facts, the Defendants probably could not have borne this burden. *See Lowery*, 483 F.3d at 1213 n.63.

Nonetheless, the Defendants missed their opportunity for removal. In concert with the complaint, Ligon's deposition testimony in April 2022 provided sufficient notice of removability. *See id.* at 1212 n.62 (discussing what qualifies as "other paper"). Notably, Ligon testified that he would need a full knee replacement as a

---

[1] The statute provides another opportunity for removal: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *See* 28 U.S.C. § 1446(b)(2)(C).

result of the accident and that he would require anti-inflammatory medication indefinitely. (*See* doc. 6-2 at 30.) This testimony provided context for the complaint's allegations of serious injury, such as permanent impairment. The Court also credits the complaint's request for punitive damages.[2] *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Drawing from its well of "judicial experience and common sense," the Court therefore determines that the "other paper" removal window opened in April 2022. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Consequently, the Defendants' Notice of Removal in August 2022 was not timely.

### III.  Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand is GRANTED. Accordingly, this case is REMANDED to the Circuit Court of Marion County, Alabama. Costs are taxed as paid.

**DONE** and **ORDERED** on October 28, 2022.

_____
L. Scott Coogler
United States District Judge
211211

---

[2] The Defendants apparently contend that the Court should not consider punitive damages because "the initial Complaint presented no viable claim for wantonness under Alabama law." (Doc. 5 at 5.) The Court, however, must consider punitive damages in assessing the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co.*, 821 F.2d at 1535. Ligon's wantonness claim might be tenuous as Defendants argue, but the Court does not agree it is clear to a legal certainty that Ligon cannot recover punitive damages.